CASE 37—PETITION EQUITY—OCTOBER 3.

# Warren vs. Barker & Co.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. A false representation may not be fraudulent. It is not actually fraudulent to affirm absolutely as true that which is believed to be true. The *malus animus* is the essential and distinctive element of actual fraud.

2. Our statute of frauds embraces every case of false representation respecting the credit or identity of another, which is untinged by fraud, and no action can be maintained on it, unless it is in writing; but it is otherwise if the representation be actually fraudulent.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellant having sued the appellees for a false and fraudulent introduction to him, as an exchange banker, of an imposter holding, as apparent indorsee, a forged bill offered for sale, and which, on the faith of that recommendation, he was induced to buy, the circuit court, seeming to be of the opinion, that, according to the 1st section of chapter 22 of Stanton's Revised Statutes, page 264, even a fraudulent representation, without written evidence of it, was not actionable, sustained a demurrer to the petition, whereupon the appellant filed an amendment, charging a fraudulent combination; and, on a trial of that issue, the court peremptorily instructed the jury to find for the appellees, which they accordingly did, and thereupon judgment was rendered in bar of the action.

The court is of the opinion that the testimony would not have authorized a verdict against the appellees on the charge of a fraudulent *combination*, and therefore cannot decide that the peremptory instruction was erroneously prejudicial to the appellant. Nor will a majority decide that there was error in sustaining the demurrer to the original petition, charging, or attempting to charge, a fraudulent misrepresentation.

A false representation may not be fraudulent in intent; for, although it may be constructively, it is not actually fraudulent to affirm absolutely as true that which the asserter believes to be true. The *malus animus* is the essential and distinctive element of actual fraud.

Had the original petition intended to charge only a false representation, the appellees would not be suable for it, as there was no written memorial of it. Our statute, like the *Tenderden* act of England, should be construed as embracing every false representation untinged by a fraudulent intent; but it does not constructively include any case of actual fraud in wantonly misrepresenting a man's credit or identity more than any other kind of fraud in fact. Written evidence is not, therefore, required by our statute if the petition be sufficient to charge actual fraud. A majority of the court (Judge Robertson not concurring) are of the opinion that the original

petition does not sufficiently allege such facts as are necessary to constitute actual fraud; and that, consequently, there was no error in sustaining the demurrer to it.

Wherefore, the judgment of the circuit court is affirmed.